**JOSTEN'S INC., Respondent,**

v.

**MISSION INSURANCE COMPANY, Appellant,**

**Employers Insurance of Wausau, Respondent.**

No. C8–84–692.

Court of Appeals of Minnesota.

Sept. 18, 1984.

Mark M. Nolan, St. Paul, for Josten's.

Michael C. Lindberg, Minneapolis, for appellant.

Richard P. Mahoney, Minneapolis, for Employers Ins.

Heard, considered and decided by PARKER, P.J., and FOLEY and HUSPENI, JJ.

## OPINION

FOLEY, Judge.

Mission appeals from a summary judgment that required it to pay the reasonable attorneys' fees incurred by Jostens in defense of a claim brought by a former Jostens' employee and one-half the attorneys' fees incurred in this action. We reverse.

## FACTS

Wepler, a former employee, sued Jostens in Missouri alleging wrongful discharge. The complaint generally sought actual and punitive damages totalling $650,000. Eventually Jostens settled the claim for $35,000. Allegedly Jostens incurred approximately $93,000 in attorneys' fees in defending the action.

Since the start of the Wepler action Jostens carried two liability policies. Wausau issued a combination casualty policy to Jostens known as a "comprehensive general liability policy" for claims up to $500,000. Mission issued an "umbrella" liability insurance policy with limits of coverage from $500,000 to $25,000,000. Mission's policy was not form-following; it did not provide identical coverage to the Wausau policy. Whether both policies provided Jostens with primary coverage in the Wepler action has been in dispute. Each insurer alleged that its policy did not cover the Wepler matter and so refused to defend that action on behalf of Jostens.

After settling with Wepler, Jostens commenced a declaratory judgment action against both insurers to recover its settlement costs and attorneys' fees in the Wepler action and its attorneys' fees and costs in the instant action. Prior to trial Jostens and Wausau settled. Under their agreement Wausau loaned Jostens the full amount sought by this action less $35,000 to be paid later. This totalled $103,847. In return, Jostens agreed to continue proceeding against Mission on the declaratory judgment. The agreement further provided that:

4. Jostens hereby releases and discharges Wausau from any claim for in-

terest claimed to be due on attorneys' fees paid by Jostens in defense of the Wepler case or in proceedings to establish coverage therefor or the amount paid in the Wepler action.

5. That in the event Jostens is not successful in recovering the full amount sought in its action against Mission * * * the following provisions shall apply:

(a) Jostens will pay Wausau whatever amount, if any, it recovered in said actions.

(b) Within 30 days after Jostens makes payment of the amounts set forth in (a) above to Wausau, Wausau agrees to pay Jostens $35,000, less the amount, if any, received from Mission for the reimbursement of the settlement paid in the Wepler action.

(c) The loan shall then be forgiven.

Essentially Wausau agreed to reimburse Jostens completely so long as Jostens proceeded against Mission and applied any recovery against the reimbursement.

The declaratory judgment was decided on Jostens' motion for summary judgment. The court ruled that both Mission and Wausau owed Jostens a duty to defend the Wepler action, and that Wausau was responsible for the $35,000 Wepler settlement. The court ordered Mission to pay Jostens reasonable attorneys' fees incurred in defense of the Wepler action and reserved jurisdiction to determine the amount. The court also ordered Mission to pay one-half of Jostens' fees incurred in the instant action.

## ISSUE

Did Wausau become the real party in interest by its settlement with Jostens?

## DISCUSSION

One insurer has no right of action against another insurer to recover the cost of defending the insured, since there is no contractual obligation between the two insurers. Chief Justice Amdahl wrote the unanimous opinion of the Minnesota Supreme Court in both *St. Paul School Dist. No. 625 v. Columbia Transit Corp.*, 321 N.W.2d 41 (Minn.1982), and *Nordby v. Atlantic Mut. Ins. Co.*, 329 N.W.2d 820 (Minn.1983). In *Nordby*, the primary insurer was not entitled to reimbursement from the excess insurer for expenses incurred in the defense of the insured. Under the circumstances, the court found that the insured was:

a nominal plaintiff in this action for declaratory judgment, he incurred no costs in defending the earlier action and was not damaged by an alleged failure of [the excess insurer] to defend. Therefore he is not the real party in interest in this action, and his insurer may not recover the costs of defending him.

329 N.W.2d at 824. Similarly, Jostens is the nominal plaintiff here. By agreement, anything it recovered from Mission would be turned over to Wausau. Except for loss of interest, which we deem nominal, it will have been reimbursed for all expenses in the Wepler action. Therefore, Jostens has not been damaged by Mission's refusal to defend.

In this case, the real plaintiff in interest is Wausau. Only *it* stands to gain from any reimbursement against Mission. The settlement with Jostens eliminated any risk that judgment would be entered against Wausau. Thereby Mission was exposed to the entire liability, ultimately relieving Wausau. By settling with Jostens, Wausau attempted to do indirectly what it could not do directly.

If Wausau cannot recover a share of the cost of defending Jostens, *a fortiori* it cannot recover the cost of bringing the present action. *Nordby*, 329 N.W.2d at 824.

## DECISION

Jostens is not the real party in interest. A suit to recover attorney fees from Mission may not be maintained in Jostens' name. We reverse.